## RAWLS v. MOYE.

A tenant executed and delivered to his landlord a contract embracing a promise to pay a specified amount of cotton as rent, and creating a lien in the landlord's favor to secure to him payment for whatever advances he might make to aid the tenant in making crops on the rented premises during the next ensuing year. On the day this contract was executed, an entry was written thereon, which the landlord signed, reciting that, "for value received, the within rent note is hereby transferred and assigned to" a named person to whom the landlord was indebted upon a promissory note for the purchase money of the land so rented. The assignment was made as a collateral security for the payment of this note. In the contract of sale, it was stipulated that if this note was not paid when due, the land was to remain the property of the vendor, and the tenant was to be his tenant. The purchase money was, however, paid before its maturity. Upon this state of facts, *Held:* The assignment in question did not operate to pass to the assignee the special lien created by the contract in the landlord's favor for advancements, nor authorize the assignee to furnish the tenant with supplies and then collect the price of the same by a foreclosure of this lien.

June 12, 1896. By two Justices. Argued at the last term.

Money rule. Before Judge Hardeman. Randolph superior court. May term, 1895.

On December 15, 1892, Toombs bought of Moye a farm known as the Gunn place, giving a note for the purchase price, due November 1, 1893, and taking from Moye a bond for title. On the same day Toombs rented the place to Branham for 1893, under a written contract in which Branham agreed to pay to Toombs or bearer six bales of cotton (3,000 pounds) by September 15, 1893; and in order to secure him or bearer the payment of said rent, as well as to secure him "the payment of such amounts of money or other advancements as he may make for me for and during said year, or to aid me in making said crops, I do hereby create, give and execute to J. P. Toombs a lien and mortgage upon" the crops of that year. On the same day Toombs transferred and assigned this contract to Moye for value

received (that is, as collateral to secure the debt for the purchase money of the land), the entry and transfer designating the contract as "the within rent note." The bond for title before mentioned obligated Moye to make good and sufficient title to Toombs, upon condition that he should pay the purchase money note when due. It was further covenanted, that if Toombs should fail to pay the purchase money note at maturity, the rent note of Branham held by Moye should be applied to the payment of the rent of the land for 1893, and Toombs should not be accounted with for said rent note, and he and such tenants as he might place on the land should be held and deemed as tenants of Moye, subject to removal on three days notice. From April 29 to September 6, 1893, Moye furnished to Branham on his application supplies to the amount of $92.90 to make his crop on the Gunn place, the same consisting of guano, bagging, ties and meat, which were used for the purpose stated. Said advances were made under the contract transferred to Moye by Toombs, already set forth. The same not having been paid for, Moye foreclosed a lien claimed by him as landlord, on September 15, 1893, the execution issuing from which was levied later in the same month on all the crops raised by Branham on the Gunn place. A common law judgment for $92.90 was obtained in the following month by Moye against Branham, and the execution issuing therefrom was levied on the same property. Moye as transferee also sued out a distress warrant against Branham on September 22, 1893, for $225 as the value of the six bales of cotton to be paid as rent for the Gunn place; which warrant was levied on the same crops as those levied on under the lien *fi. fa.*

On October 31, 1893, Toombs procured Rawls to advance the money due for the purchase of the land, which was paid to Moye and his deed conveying the land to Toombs was thereupon executed. Toombs then demanded of Moye the rent note of Branham, and Moye refused to give it up. Toombs then executed a written transfer to

Rawls, dated November 1, 1893, of the rent note of Branham, as well as of the distress warrant which Moye had sued out and which was in the hands of the sheriff, and of his landlord's lien under said note and warrant, "with power to use the same as fully and completely as he (Toombs) could do as landlord." Toombs also executed a deed to Rawls, November 1, 1893, conveying to him the land in question.

The sheriff having sold the property of Branham under the distress warrant, thereby raising the sum of $394.94, Rawls brought a rule to require the money to be paid to him upon a mortgage *fi. fa.* for $300 principal, besides interest and costs, dated November 11, 1893, and issued from the foreclosure of a mortgage from Branham to Toombs, dated June 24, 1893, to secure a note for $300 of the same date, payable to Toombs or bearer, which mortgage covered the crops of Branham raised on the Gunn place for 1893, and was transferred by Toombs to Rawls on July 8, 1893. At the time this mortgage was taken by Toombs, Branham owed him $300 for a part (past?) indebtedness for previous years. He furnished Branham between fifty and sixty dollars worth of goods and supplies in 1893, but none of it is included in the mortgage transferred to Rawls. He transferred the mortgage to Rawls to secure him for a debt for guano that he contracted with him in 1893. He owed Rawls eight bales of cotton worth at least $300. He transferred to Rawls the rent note and distress warrant against Branham to secure the same debt; and at the time of said transfer he owed Rawls the $300 which has not been paid.

The case having been submitted to the judge without a jury, he ordered that the distress warrant sued out by Moye be first paid to Rawls; that the landlord's lien *fi. fa.* of Moye be next paid; and that after paying costs, the balance of the fund be paid to Rawls on his mortgage *fi. fa.* Rawls assigns this ruling as error.

*W. C. Worrill* and *J. H. Guerry*, for plaintiff.

*W. D. Kiddoo*, contra.

LUMPKIN, Justice.

Under the facts recited, the assignee took nothing except the tenant's obligation to pay rent.  An express assignment was indispensably necessary to pass the landlord's lien for supplies, provided for in the contract.  The mere transfer of "the within rent note" was not an assignment of any lien. See *Lathrop & Co.* v. *Clewis*, 63 *Ga*. 282.

*Judgment reversed.*